IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ASIM ELABID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 1:19-cv-01207 (RDA/TCB) |
| CHAD WOLF, *et al.* | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on Defendants William Barr, Ken Cuccinelli, Sarah Taylor, Kimberly Zanttoni, and Chad Wolf's ("Defendants") Motion to Dismiss for Lack of Jurisdiction ("Motion"). Dkt. 15. Considering the Motion, the Memorandum of Law in Support of Defendants' Motion (Dkt. 16), Asim Elabid's ("Plaintiff") Memorandum in Opposition to the Motion (Dkt. 20), the Defendants' Reply Memorandum of Law in Support of Defendants' Motion to Dismiss (Dkt. 24), and oral argument before this Court on February 14, 2020, it is hereby ORDERED that Defendants' Motion to Dismiss is GRANTED.

### I. BACKGROUND

#### A. Factual Background

Plaintiff is a native and citizen of Sudan. Dkt. 1, ¶ 2. Plaintiff has previously testified before an Immigration Judge in a contested removal proceeding that he would not be willing to return to Sudan because of his fear that he would be "arrested, physically assaulted, and tortured." *Id.* at ¶ 10. Plaintiff apparently feared of such harm "because of his political opinion[s]," which are in opposition to the Sudanese government. *Id.*

On May 17, 2001, Plaintiff filed a Form I-589 Application for Asylum at the United States Citizenship and Immigration Services's ("USCIS") Asylum Office. *Id.* at ¶ 13. Following an interview, the Asylum Officer did not grant the Application. *Id.* Because it appeared that Plaintiff would be "inadmissible or deportable under section 212(a) or 237(a) of the [Immigration and Nationality Act ("INA")]," the USCIS referred Plaintiff's application to the United States Immigration Court. *Id.* The Immigration Court then began removal proceedings to determine Plaintiff's "inadmissibility or deportability." *Id.* at ¶ 14. Ultimately, the Court granted Plaintiff asylum. *Id.* at ¶ 18.

On November 12, 2015, Plaintiff filed an application for permanent residence with the Department of Homeland Security. *Id.* at ¶ 20. On May 1, 2015, the Department of Homeland Security denied Plaintiff's application because it found Plaintiff provided material support to an organization that uses violence to achieve their goals and because it found that Plaintiff fraudulently denied his membership with such organization. *Id.* Plaintiff filed a "request to reopen and reconsider." *Id.* at ¶ 22. On August 26, 2019, that request was denied. *Id.*

B.  Procedural Background

On September 18, 2019, Plaintiff filed a Complaint in this Court setting forth two counts. Dkt. 1. Plaintiff, in his first count, alleges that Defendants violated the INA and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *Id.* at ¶ 30. Specifically, Plaintiff maintains that

> USCIS's denial of Plaintiff's application for permanent residence was arbitrary, capricious, otherwise not in accordance with law, in excess of statutory authority and limitations, and short of statutory right because it conflicts with published decisions of the [Board of Immigration Appeals ("]BIA[")], which are binding on USCIS officers, as well as the text and structures of the [INA].

*Id.*

Plaintiff, in his second count, also alleges that Defendants violated the INA. *Id.* at ¶ 31. Count Two sets forth a claim that "[p]ursuant to 8 U.S.C. §. (sic) The (sic) Immigration Judge's grant of asylum ensures that [Plaintiff] is eligible to adjust status to permanent residence under 8 U.S.C. §§ (sic) 209." *Id.* Plaintiff further explains that

> [h]e has been physically present in the United States for at least 1 year after being granted asylum. [Plaintiff] continues to meet the definition of a refugee, has not firmly resettled in any foreign country and was admissible to the United States as an immigrant at the time of examination for adjustment of status and remains admissible today.

*Id.* at ¶ 32.

On December 13, 2019, Defendants filed the instant Motion now before the Court, arguing that this Court lacks jurisdiction over Plaintiff's claims. Dkt. 15. On January 27, 2020, Plaintiff opposed the Motion (Dkt. 20), and, February 24, 2020, Defendants filed their reply (Dkt. 24).

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. Fed. R. Civ. P. 12(b)(1). A district court must dismiss an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that the federal subject matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). There are two ways in which a defendant may present a 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. In such a case, all facts as alleged by the plaintiff are assumed to be true. *Id.*

Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *White v. CMA Contr. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). In such a case, the trial court's "very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891. The district court is then free to weight the evidence to determine the existence of jurisdiction. *Adams*, 697 F.2d at 1219. "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

## III. DISCUSSION

### A. Plaintiff's INA Claims

8 U.S.C. § 1252(a)(2)(B)(ii) provides, in relevant part, that

> no court shall have jurisdiction to review . . . any [ ] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the *discretion* of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a)[1] of this title.

8 U.S.C. § 1252 (a)(2)(B)(ii) (emphasis added). Accordingly, in *Roland v. U.S. Citizenship and Immigration Servs.*, the United States Court of Appeals for the Fourth Circuit considered "the jurisdictional limiting effect of 8 U.S.C. § 1252(a)(2)(B) . . . ." 850 F.3d 625, 630 (4th Cir. 2017). The *Roland* court found that Section 1252(a)(2)(B) "closes the door to judicial review of certain discretionary agency decisions, including the denial of an application for adjustment of status." *Id.* (citing *Lee v. U.S. Citizenship & Immigration Servs.*, 592 F.3d 612, 619 (4th Cir. 2010) (citing 8 U.S.C. § 1252(a)(2)(B)).

---

[1] Section 1158(a) sets forth the requirement for granting a refugee asylum.

4

Plaintiff "petitions this Court for declaratory and injunctive relief, ordering the [USCIS] to grant Plaintiff Adjustment of Status, an immigration benefit created under section 209(b) of the [INA] . . . 8 U.S.C. § 1259(b) (sic)."[2] Dkt. 1, ¶¶1, 10-11. Specifically, Plaintiff requests that this Court review the Department of Homeland Security's decision to "deny [Plaintiff's] adjustment status . . . ."

Sections 1159 and 1252 are both codified under Chapter 12, subchapter II of Title 8 of the United States Code. Therefore, this Court's jurisdiction to hear a claim under § 1159 is expressly prohibited by both the statutory language of § 1251(a)(2)(B)(ii), and the Fourth Circuit's interpretation of that language in *Roland*, 850 F.3d at 630.

Thus, this Court finds that it lacks subject matter jurisdiction over Plaintiff's claims that the Defendants violated the INA.

Yet, Plaintiff argues that the USCIS's decision not to grant Plaintiff's application was non-discretionary. However, Plaintiff does not articulate how this decision was not discretionary despite § 1159(b)'s clear statutory language to the contrary. *See* 8 U.S.C. § 1159(b) ("The Secretary of Homeland Security or the Attorney General, in the Secretary's or the Attorney General's *discretion* and under such regulations as the Secretary or the Attorney may prescribe, may adjust to the status of an alien lawfully admitted for permanent residence the status of any

---

[2] The Court finds that the citation to 8 U.S.C. § 1259(b) was a typographic error, and that Plaintiff intended to cite to 8 U.S.C. § 1159(b). Section 1259(b) concerns the "[r]ecord[s] of lawful admission for permanent residence . . . in the case of any alien [who] . . . entered the United States prior to January 1, 1972 . . . ." Considering the remainder of the claims and facts alleged in Plaintiff's Complaint (Dkt. 1), a citation to this statute would be inapplicable. However, it appears that 8 U.S.C. § 1159(b) would be more applicable to the case at bar because it concerns "Adjustment of status of refugees."

Further evidence that Plaintiff intended to cite to § 1159, is Plaintiff's opposition brief (Dkt. 20) in which Plaintiff maintains that he is seeking permanent resident status pursuant to § 1159(b). Dkt. 20, 1-2 ("[Plaintiff's] application was filed under § 1159(b) . . . .").

5

alien granted asylum . . . .") (emphasis added).[3]  Accordingly, because the statute gives and the USCIS actually exercised its discretion to deny Plaintiff's application, this Court rejects Plaintiff's argument on this point.

Further, Plaintiff erroneously attempts to segregate the USCIS's ultimate discretionary decision to deny Plaintiff's application, from the determinations that USCIS must first make to determine Plaintiff's eligibility to qualify for permanent resident status. However, this Court has recognized that "1252(a)(2)(B)(ii) strips courts of jurisdiction to review both the ultimate decision that is discretionary and the steps that are a necessary and ancillary part of reaching the ultimate decision." *Strunaik v. Lynch*, 159 F. Supp. 3d 643, 653-54 (E.D. Va. 2016). Thus, Plaintiff's argument on this point also fails, and the Court must find that it lacks subject matter jurisdiction over Plaintiff's INA claims.

### B. Plaintiff's APA Claim

This Court also finds that it lacks subject matter jurisdiction over Plaintiff's APA claim.

In addition to setting forth a claim that Defendants violated the INA, in count one, Plaintiff alleges that Defendants violated the APA, 5 U.S.C. § 706. Dkt. 1, ¶ 30.

However,

> [t]he APA 'is not a jurisdiction-conferring statute . . . .' Rather, the jurisdictional source for an action under the APA is the 'federal question' statute, which grants the district court 'original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States' . . . . Although the APA embodies a 'basic presumption of judicial review' of final agency action . . . its judicial review provisions do not apply where 'statutes preclude judicial review.'

---

[3] The USCIS is one of three components within the Department of Homeland Security, and thus, as a component of the Department of Homeland Security, it appears that the USCIS has discretion to make the decision of which Plaintiff complains of. *Our History*, U.S. Citizenship and Immigration Services, https://www.uscis.gov/about-us/our-history (last visited Feb. 11, 2020).

6

*Lee*, 592 F.3d at 619 (internal citations omitted). Thus, Plaintiff's claim of an APA violation cannot itself confer jurisdiction over Plaintiff's APA claim. There must be some other underlying claim of a violation of federal law from which this Court's subject matter jurisdiction can flow. Seeing none, this Court finds that it lacks jurisdiction over both of Plaintiff's claims.

## IV. CONCLUSION

For the reasons provided above, it is hereby ORDERED that Defendants' Motion (Dkt. 15) is hereby GRANTED; and

IT IS FURTHER ORDERED that Plaintiff's claims be dismissed with prejudice.

It is SO ORDERED.

Alexandria, Virginia
March 26, 2020

/s/
Rossie D. Alston, Jr.
United States District Judge

7